# CHARLESTON.

## STATE *v.* HORNER.

Submitted June 13, 1902. Decided December 20, 1902.

1. DRUGGIST—*License.*

    In prosecutions for carrying on the business of druggist without a state license, on the plea of not guilty, the burden of justifying under or proving license is on the defendant. (p. 374).

Error to Circuit Court, Doddridge County.

Action by the State against W. J. Horner. Judgment for plaintiff and defendant brings error.

*Affirmed.*

J. V. BLAIR and W. S. STEWART, for plaintiff in error.

ATTORNEY GENERAL, for the State.

DENT, PRESIDENT:

In the case of the State against W. J. Horner from the circuit court of Doddridge County, being a prosecution for unlawfully carrying on the business of a druggist without a State license therefor, the only question presented is as to whether the burden of proving the want of license devolved upon the State or the defendant.

The State showed that the defendant was carrying on the business of a druggist as charged in the indictment and then rested. The defendant offering no evidence, the court instructed the jury to find a verdict of guilty. To this the defendant excepts, and insists that the court should presume that he had a license unless the contrary is shown.

While there is some authority to sustain this contention, the decided weight is to the contrary and to the effect that the State has the right to require a person carrying on a business which the statute makes unlawful without license, to establish such license as a matter peculiarly within his knowledge and convenience, subjecting him to no hardship, but promoting the restrictions of the law and thereby furthering the ends of justice. Negative averments peculiarly within the knowledge of the opposite party are usually taken to be true, if such party remains silent, on the theory that silence is presumptive evidence of assent, and amounts to a legal admission or confession as to such averments.

In the 17th Am. & En. En. Law (2 Ed.) 330, many authorities on this question are collected. Also see the 13 En. Plead & Prac. 119.

The judgment is affirmed.

*Affirmed.*